UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

ANGELA WATSON, ET AL.          *     CIVIL ACTION NO.  12-2590

VERSUS                         *     JUDGE TOM STAGG

W.W.D., INC., d/b/a ACTION      *     MAG. JUDGE KAREN L. HAYES
CENTRAL CABARET

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a

motion for conditional class certification and request for issuance of notice [doc. # 12] filed by

plaintiffs, Angela Watson and Johanna Williams.  The motion is opposed.  For reasons assigned

below, it is recommended that the motion be GRANTED IN PART and DENIED IN PART, with

further orders from the court.

<u>Background</u>

At varying times from 2010 through August 2012, Angela Watson and Johanna Williams

worked as exotic dancers at Action Central Cabaret, an adult entertainment club in Bossier City,

Louisiana, operated by W.W.D., Inc. (hereinafter, "Action Central").  (Compl.; Decls. of Angela

Watson and Johanna Williams).  On September 27, 2012, Watson and Williams filed the instant

collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.,

individually, and on behalf of other current and former exotic dancers at Action Central, to

recover unpaid overtime compensation and minimum wage allegedly owed them by Action

Central.  Specifically, plaintiffs allege that Action Central:  1) sometimes refused to compensate

the dancers for any hours worked, 2) required dancers to divide their tips with Action Central and with other employees who do not customarily receive tips, and 3) required the dancers to pay business expenses.  Furthermore, when Watson questioned Action Central about its pay practices, Action Central purportedly retaliated against Watson by effecting her dismissal.

Action Central filed its answer on October 24, 2012.  On January 8, 2013, the court held a preliminary scheduling conference wherein it was agreed that further deadlines and the trial setting would be deferred pending resolution of plaintiffs' anticipated motion for certification of collective action.  *See* Jan. 8, 2013, Minutes [doc. # 9].

On February 7, 2013, plaintiffs filed the instant motion to certify a collective action and to authorize notice to prospective parties.  Action Central filed its opposition on March 1, 2013. Plaintiffs did not seek leave to file a reply memorandum within the applicable delay. Accordingly, the matter is now before the court.

## **Law**

Pursuant to the FLSA,

> [a]n action to recover the liability prescribed in [this section] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The FLSA collective action is fundamentally distinct from Rule 23 class actions because in contrast to the latter procedure, the prospective FLSA claimants must affirmatively opt-in to be bound by the action.  *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 224-25 (5th Cir. 2011) (unpubl.) (citing *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 916 (5th Cir.2008)).

2

Thus far, the Fifth Circuit has declined to establish a legal standard for collective-action certification. *Roussell, supra* (citation omitted). Accordingly, it has devolved upon the district courts to choose between two prevailing standards, "one involving a multi-factor 'similarly situated' test, and the other akin to the standard for Rule 23 class actions." *Id.* (citation omitted). The district courts usually follow the "similarly situated" test which is typified by, and named after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148 (2003).

The Fifth Circuit explained the similarly situated test, as follows,

[u]nder *Lusardi,* the trial court approaches the "similarly situated" inquiry via a two-step analysis. The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision- usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.

Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Mooney, supra.*

At the initial notice stage, the "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id.* (citation omitted).

The court ordinarily does not reach the second step of the *Lusardi* approach until after discovery is completed, and defendant re-visits the issue via appropriate motion. *Id.* At the second stage, the court has more information to make a determination as to whether the claimants are similarly situated, and whether the matter should be permitted to proceed to trial as a

3

representative action.  *Id.*  If the claimants are not similarly situated, then the district court will decertify the class, and dismiss the opt-in plaintiffs without prejudice.  *Id.*

The instant motion addresses solely the notice stage of the *Lusardi* process.

### Discussion

a)   <u>Conditional Certification</u>

In support of their motion, plaintiffs submitted their respective declarations wherein they stated,[1] *inter alia*, that

1)   Williams and Watson were employed as dancers at Action Central during various times between 2010-2012.

2)   Action Central required the dancers to share their tips with others, *e.g.*, the disc jockey, who do not receive tips directly from customers.

3)   Action Central fines the dancers for rules infractions.

4)   Angela Watson's average pay was often less than $6.00 per hour.

5)   Watson and Williams regularly received less than the prevailing minimum wage. They were not aware of a single dancer who was compensated for overtime.

6)   Johanna Williams worked six nights per week, with each shift lasting more than seven hours per night.

7)   Williams and Watson worked closely with the other dancers at Action Central, and regularly visited with them about their job and pay.

8)   Williams and Watson are familiar with how the other dancers were paid.

---

[1]  Defendant contends that because the plaintiffs' declarations are not notarized affidavits, they should not be considered by the court.  (Opp. Memo., pg. 2 n2).  However, unsworn declarations may be used in lieu of affidavits so long as the declarant states, under penalty of perjury, that the statements are true and correct, signs, and dates the form.  28 U.S.C. § 1746. Except for mistakenly "swearing" rather than "declaring," "certifying," "verifying," or "stating," plaintiffs' declarations comply with 28 U.S.C. § 1746.  This error does not undermine the validity of the declarations.  Accordingly, defendant's argument is not well-taken.

9)      Williams and Watson are familiar with the practices at Action Central.

10)     Williams and Watson's experiences at Action Central are common to all of the dancers there.

11)     Williams and Watson believe that other dancers are interested in joining the lawsuit if the court permits it to proceed as a collective action.

(Williams and Watson Declarations; M/Certify Collective Action, Exhs. A & B).

The foregoing declarations provide substantial allegations that Action Central had a policy or practice of paying its dancers less than the minimum wage, not compensating dancers at the overtime rate, requiring dancers to share their tips with other workers who do not customarily receive tips, and fining dancers for rules infractions.

In response to plaintiffs' motion, Action Central adduced an affidavit from its office manager, Jacci Wilson, wherein she averred that Action Central did not take tips from the entertainers, but otherwise admitted that the dancers were required to provide ten percent of their tips to the disc jockey. (Affidavit of Jacci Wilson; Def. Response, Exh).  Wilson also set forth the *current* hourly wage rate for dancers, and confirmed that Watson and Williams both worked at various times at Action Central.  *Id*.  Wilson averred that Action Central is open for business less than 40 hours per week.  *Id*.

Wilson's affidavit, however, does not suffice to thwart plaintiff's motion for conditional certification.  In fact, Wilson confirmed that the dancers were required to share their tips with the disc jockey who arguably is someone who does not customarily receive tips.  *See* 29 U.S.C. § 203 (pooling of tips permitted among employees who customarily and regularly receive tips).  In addition, Action Central's *current* pay scale and operating hours do not address the issue of Action Central's practices during the period from 2010-2012.  Finally, to the extent that Wilson's affidavit merely controverts Williams and Watson's declarations, the court, at this stage of the

5

proceedings, must resolve the factual dispute in favor of the plaintiffs.

Defendant also argues that plaintiffs' failure to identify or adduce affidavits or declarations from any prospective class participants is fatal to their present certification efforts. Other courts, however, have found that evidence from prospective plaintiffs is not essential for conditional certification.  *See Green v. Plantation of Louisiana, LLC*, 2010 WL 5256354, *13 (W.D. La. Nov. 24, 2010) (cases cited therein).  Indeed, identification of potential class members is one of the purposes of conditional certification.  *Neary v. Metro. Prop. & Cas. Ins. Co.*, 517 F. Supp. 2d 606, 623 (D. Conn. 2007).

Finally, defendant argues, in summary fashion, that plaintiffs are independent contractors not entitled to the protections of the FLSA.  Although not recited above, Watson and Williams set forth numerous facts in their declarations which tend to support a finding that the Action Central dancers were employees, rather than independent contractors.  *See* Williams and Watson Decl., *supra*; *compare Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326-27 (5th Cir. 1993) (discussing relevant factors to determine employment status in the exotic dancer context).  In fact, Action Central apparently considered Williams to be an employee for the 2012 tax year because it issued her a W-2 form, rather than a 1099 form.  *See* Decl. of Johanna Williams, *supra*.  In short, defendant has not established that plaintiffs were independent contractors, rather than employees.

Under the lenient standard applied at the notice stage of the collective action, the undersigned finds, based on the pleadings and declarations, that a conditional certification of a collective action is warranted.

b)      Notice and Discovery

6

Plaintiffs' motion also seeks court approval of the notice to be sent to the prospective class members.  The Supreme Court has remarked that the benefits of the collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 486 (1989).  The district courts enjoy a "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way."  *Id*.  Thus, the district courts have a substantial interest in overseeing communications that are transmitted in single actions involving multiple parties. *Id*.

Plaintiffs attached a proposed notice to their motion.  (Pl. Motion, Exh. C).  The sole objection raised by defendant to the notice (aside from issuance of the notice at all) is that it includes some language that may mislead prospective participants into believing that the court has endorsed this action.  The court agrees, and further finds that the notice does not clearly explain the prospective participants' options.  Instead, the court directs the parties to the notice employed by another division of this court in *Green v. The Plantation of Louisiana, LLC*, Civil Action No. 10-0364 (W.D. La.) [doc. # 66].  In the event that the District Court adopts the instant recommendation to certify this matter as a collective action,  it is also recommended that the parties be ordered to collaborate and agree upon a proposed notice which tracks the format and language in *Green, supra*, and a the simpler, more concise consent form also used in *Green.  See* doc. # 95 in C.A. No. 10-0364.  Finally, as in *Green*, the notice should direct the prospective class participants to file the consent form with the Clerk of Court in Shreveport, not with plaintiffs' counsel.

7

Plaintiffs further request an order compelling defendant to produce the names, all known addresses, all telephone numbers (home and cell), dates of birth, all known e-mail addresses (work and personal), and dates of employment for all class members employed by defendant within the three year period immediately preceding the filing of this action.  Defendant's sole objection to production of this information, in effect, is that is premature until such time as the court certifies the collective action.  The undersigned agrees.  *See Green, supra*.  However, in the event that the court approves certification of the collective class, as recommended herein, then defendant will be required to produce the information requested by plaintiffs, save for production of the dancers' dates of birth, which will be limited to the month and year only.[2]  While decision on certification of the collective action remains pending, defendant should begin compiling the requested information for dancers that worked at Action Central during the relevant period so that promulgation of the notice will not be further delayed.

### Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion to conditionally certify this matter as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former exotic dancers who worked at Action Central from January 1, 2010 to the present [doc. # 12], be GRANTED.

IT IS FURTHER RECOMMENDED that plaintiffs' motion to authorize notice of the collective action be DENIED, without prejudice to the parties' obligation to re-submit a joint

---

[2]  With the month and year of birth, plaintiffs' counsel should be able to narrow down the search for those prospective class participants who may have moved.

8

notice and consent form that tracks the format in *Green v. The Plantation of Louisiana, LLC*, Civil Action No. 10-0364 (W.D. La.) [doc. # 66].

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen  (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 25th day of March 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE